---

## SALTER *v.* CITY OF COLUMBUS.

Where a municipal ordinance provides that each person engaged in any business "hereinbelow specified" shall register, pay a license tax, and take out a license, and makes it a penal offense for any person, or agent of any persons, whose duty it is to register and obtain a license, to transact or offer to transact either of the kinds of business specified: and where the business specified "below" is that of persons "dealing in spirituous, vinous, or malt liquors," a person charged, under these ordinances, with "doing business without license" can not be lawfully convicted on proof that he, as agent of another, solicited orders for malt liquor, and, after the delivery of such liquor by other agents of the principal, collected for his principal the purchase-price. Such person was merely a soliciting and collecting agent, and, even if embraced within the ordinances, was not guilty, as charged, of "doing business" himself.

Argued January 18, — Decided January 30, 1905.

Certiorari. Before Judge Russell. Muscogee superior court,. November 25, 1904.

*H. C. Cameron, S. T. Pinkston,* and *Hatcher & Carson,* for plaintiff in error. *T. T. Miller,* contra.

SIMMONS, C. J. In the mayor's court of the City of Columbus,. Georgia, Salter was charged with "doing business in said city without first paying the license tax required." He was summoned to appear to answer concerning a charge of "doing business without license." Upon the trial he was convicted of "doing business without license." He took the case by certiorari to the

superior court, where the decision was again adverse to him. He excepted. The case was tried upon an agreed statement of facts from which it appeared that Salter was merely an agent for the F. W. Cook Brewing Company, a corporation of Indiana. This company has a cold-storage place and place of doing business in Girard, Alabama, immediately across the Chattahoochee river from Columbus, Georgia, the river being there spanned by a bridge. The brewing company ships large quantities of beer to Girard and there stores it. Salter resides in Columbus and solicits orders from the retail dealers of liquors in that city, the orders being sometimes solicited at the places of business of such retail dealers and sometimes telephoned by such dealers to the brewing company's place at Girard. Such orders are then filled from the Girard cold-storage place by the brewing company delivering the beer to the retail dealers in Columbus. Delivery is made by wagons owned and operated by the brewing company, the beer being taken in such wagons, in the original packages, from Girard to the retail dealers' places in Columbus. Delivery by the brewing company is a part of the contract of purchase of the beer. After the delivery of the beer to the purchasers, Salter collects from them the purchase-price. Neither Salter nor the brewing company, nor any person representing them, has taken out or obtained any license from the City of Columbus to sell or deal in any kind of liquors. Salter is engaged in no business other than that here described, and has no office or place of business in Columbus, but has his office and place of business in Girard, at the place of business of the brewing company, at which place he remains the greater part of his time. The ordinance under which Salter was convicted is as follows: " It is further ordained by the authority aforesaid, that each person, firm, or corporation engaged in any business, trade, profession, or occupation hereinbelow specified, shall register under oath," etc., "his, her, or their business, trade, or occupations, as hereinbelow specified, and shall pay the license tax prescribed by the 15th day of February, 1904, and take out a license for said business, trade, profession, or occupation. . . And if any person, firm, or corporation, or agent of any persons, firms, or corporations, whose duty it is to register and obtain a license, shall transact or offer to transact in said city either of the kinds of business, trades, or oc-

cupations in this section specified, without having first registered and obtained said license, . . he, she, or they, or such agent, shall, on conviction before the recorder, be punished by a fine," etc. "Below" appeared an ordinance imposing a license tax upon " every person or firm dealing in spirituous, vinous, or malt liquors within the corporate limits of the City of Columbus, whether as a wholesale or retail dealer."

Salter, the present plaintiff in error was not, within the meaning of these ordinances, a person " dealing" in liquors. He merely acted as the soliciting and collecting agent of his principal, the brewing company. The " dealing" in malt liquors was done by the principal, acting through Salter and the agents who effected the delivery of the goods ordered and sold. It is not necessary to decide whether the ordinance embraced Salter as an agent of an unlicensed dealer. Conceding that it did so, still this was not the charge made against Salter in the present case. He was himself charged with " doing business without license." This can not be held to mean a charge that he was acting as agent for a dealer who should have registered and taken out a license but had failed to do so. The charge contains no intimation that Salter was merely soliciting business for an unlicensed principal. It is a charge against Salter that he was himself doing the business dealt with in the ordinances, and that he was doing so without having paid the tax required of him and without having taken out the prescribed license. Of this charge he was not guilty. Even if he was guilty of a violation of the ordinances, he was not guilty of having violated them in the manner charged, and his conviction was erroneous. For this reason the certiorari should have been sustained.

*Judgment reversed. All the Justices concur.*